**Azatuhi CHINARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74114.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Alisa B.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Klein, Esq., DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Azatuhi Chinaryan petitions for review of the Board of Immigration Appeals' ("BIA") order, which affirmed the Immigration Judge's ("IJ") decision denying Chinaryan's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA's decision relied on the IJ's reasoning and reviewed the IJ's factual findings for clear error. *See* 8 C.F.R. § 1003.1(d)(3). We look to the IJ's decision "as a guide to what lay behind the BIA's conclusion," *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000), and review the IJ's findings for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We will grant the petition for review only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006).

The BIA and IJ identified "specific, cogent reasons" to support an adverse credibility determination that "go to the heart of petitioner's claim." *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). The record supports the IJ's determination that Chinaryan submitted a fraudulent letter, purportedly from her Armenian pastor, regarding her membership in the Pentecostal church. She also made inconsistent statements about whether she had been baptized. In addition, the IJ justifiably found that Chinaryan was unable to recall straightforward facts in her testimony, notably including the name of the pastor in the United States at whose church she claimed to have been attending for three and a half years. Finally, Chinaryan failed to present corroborating evidence to support her testimony, such as documentation from her hospital stay or records of her alleged correspondence with members of the National Assembly. *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) ("[If] the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.").

Because Chinaryan is ineligible for asylum, she necessarily fails to demonstrate eligibility for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Chinaryan's claim under the Convention Against Torture ("CAT") is based on the same evidence as her asylum claim, we affirm the denial of CAT relief as well. *Id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.